ZARA W. JOSLYN AND OTHERS, AS RAILROAD COMMISIONERS OF THE TOWN OF MT. MORRIS, PLAINTIFFS, v. BENJAMIN F. DOW AND OTHERS, DEFENDANTS.

*Railroad commissioners — have no powers except such as are conferred by statute — when agreement void as ultra vires — when a company not estopped from showing its contract to be invalid — guaranty falls with the principal contract.*

The plaintiffs having been appointed commissioners, in proceedings instituted to enable a town to issue its bonds in exchange for the stock of a railroad company, entered into an agreement with the company by which it was provided, that the proceeds of the bonds should be used in purchasing ties, which should be the property of the commissioners till laid in a completed railroad, and that a certain portion of the road should be completed by a specified date. The company having failed to fulfill the agreement, this action was brought against the defendant, who had guaranteed the due performance thereof.

*Held*, that the plaintiffs had no power to enter into any agreement not expressly authorized by the statute under which they were appointed.

That the provisions in question being unauthorized thereby, the agreement was void, as *ultra vires*.

That the company being entitled to receive the bonds without entering into such an agreement, and having issued their stock which was the consideration for said bonds, were not estopped from insisting on the invalidity of the contract.

That the principal agreement being void, the guaranty fell with it.

MOTION by plaintiffs for a new trial, on exceptions taken at the Livingston Circuit, and ordered to be heard at the General Term, in the first instance.

*Jno. A. Vanderlip*, for the plaintiffs.

*L. N. Bangs*, for the defendant Hamilton.

*Geo. M. Osgoodby*, for the other defendant.

SMITH, J. :

The action is on a guaranty, executed by the defendants, for the performance of a contract entered into between the Rochester, Nunda and Pennsylvania Railroad Company and the plaintiffs, as railroad commissioners of the town of Mt. Morris, for the deliv-

·ery of the bonds of said town to said company to aid in the con-·struction of their road. By the terms of the agreement, which was dated July 30, 1872, the plaintiffs agreed to deliver to ·the railroad company $30,000 in the bonds of said town, on or ·before the 31st July, 1872, and the company agreed to use $10,000 of bonds, or their proceeds, in purchasing and paying for, in full, 30,000 railroad ties, and to use them in constructing ·said railroad from Nunda to Mt. Morris; the title to said ties and the possession of them to be vested in the plaintiffs until laid in ·the track of said railroad, and the iron placed thereon in a railroad completed and in running order. Twenty thousand dollars of said bonds were to be, used by the company in constructing ten miles of said railroad between Nunda and Mt. Morris. The ·company further agreed, within five months from the date of the agreement, to pay for and secure the right of way for said ten miles of railroad, and do the labor and furnish the material necessary to complete said ten miles of road without further cost or expense to the town of Mt. Morris. Also, to indemnify said town against all liens and claims of contractors or laborers upon said railroad or materials. The sum of $30,000 was fixed as liquidated damages.

Subsequently, the parties extended the time for completing said ten miles of road to July 31, 1873, with the consent of the ·guarantors.

The breaches specified in the complaint were that the company did not, by the 31st July, 1873, pay for and secure the right of way of said ten miles of railroad, and did not perform all the labor and furnish all the materials needed to complete said ten ·miles of road.

The complaint demands $30,000 as liquidated damages.

The answer puts in issue the alleged breaches.

The plaintiffs were appointed commis-ioners of the town of Mt. Morris, by an order of the county judge of Livingston, on the 13th December, 1870, in proceedings instituted by a petition of a majority of the tax-payers of said town, praying that said town be authorized to issue its bonds to the amount of $75,000, and invest the same or the proceeds thereof in the stock ·of said railroad compnay.

Before the making of the agreement above referred to, $45,000 of the bonds authorized in said proceedings had been issued by the plaintiffs and exchanged for stock of said company of the same amount. The $30,000 of bonds provided for by said agreement were the remainder of the bonds authorized in said proceedings.

We think tne principal agreement was *ultra vires,* on the part of the plaintiffs. As commissioners, they were not officers of the town, but were its mere agents, with power strictly limited by the statutes which authorized their appointment. By chapter 507 of the Laws of 1870, they had power to enter into an agreement with the railroad company, limiting and defining the time when, and the proportions in which, the bonds of the town, or their proceeds, should be delivered to the company, and the place or places where, and the purposes for which, such bonds or their proceeds should be applied or used. And that was the extent and limit of their power in that respect. The amendment of 1871 (chap. 925, § 5) authorizes the Supreme Court to determine upon what terms and conditions the bonds therein referred to shall be delivered to a railroad corporation, in case the commissioners and the railroad corporation cannot agree, or the commissioners refuse to make any agreement, but it adds nothing to the power of the commissioners.

So far as the agreement went beyond fixing the time when the bonds of the town should be delivered, and the place where, and the purposes for which, they or their proceeds should be used, it exceeded the powers of the commissioners. The breaches assigned in the complaint, and attempted to be proved on the trial, related to matters *ultra vires.* The provisions that the company should use the bonds in purchasing ties ; that the ties should be the property of the commissioners till laid in a complete railroad ; that a certain portion of the road should be completed by a specified day, without reference to whether its cost would exceed the amount of the bonds agreed to be delivered, were outside of the powers of the commissioners.

It is contended by the counsel for the plaintiffs that, as they have fully executed the agreement, the defendants are estopped from setting up that it is *ultra vires.* All that the plaintiffs

have done, by way of executing the agreement, is to deliver the bonds of the town to the railroad company. But they have received a full equivalent in the stock of the company for the same amount. The stipulations which they now allege were broken by the company, were not only *ultra vires*, but they were without consideration, inasmuch as it was the duty of the commissioners to invest the bonds or their proceeds in the stock, and they had no right to insist upon any additional compensation for such bonds. They having received full consideration for all they have parted with, it cannot be said that they, or their principal, the town of Mt. Morris, will suffer injustice from the application of the doctrine of *ultra vires*. The case is distinguishable from *Bissell* v. *Michigan Southern and Northern Indiana R. R. Co.* (22 N. Y., 258); *Whitney Arms Co.* v. *Barlow* (63 id., 62), and others of the same class cited by the plaintiff's counsel.

The principal contract being void, the guaranty falls with it. (*McGregor* v. *The Official Managers of the Deal and Dover R. W. Co.*, 16 E. L. & Eq. R., 180.)

As these views lead to a denial of the motion for a new trial, it is unnecessary to consider any of the other questions which were discussed on the argument.

New trial denied, and judgment ordered for defendants on the nonsuit.

TALCOTT, P. J., and HARDIN, J., concurred.

New trial denied, and judgment ordered for defendants on the nonsuit.